IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDRE WINGO, ) | |
| Plaintiff, ) | |
| vs. ) | No.  3:09-CV-2457-P-BH |
| ) | |
| KAUFMAN COUNTY, ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and an *Order of Reference* dated March 5, 2010, this case was referred for report and recommendation.

### I.  BACKGROUND

Plaintiff filed this action against Kaufman County on December 28, 2009, claiming that the county denied him assistance of counsel at arraignment.  On January 5, 2010, the Court mailed him a questionnaire seeking additional information about his claim.  When he failed to timely respond, it recommended that the action be dismissed for want of prosecution.  Plaintiff objected that he mailed his answer to the questionnaire on January 21, 2010, and provided a copy with his objections.[1]  He has therefore shown that he intends to prosecute this action, and the recommendation dated February 9, 2010, is hereby **VACATED**.

In his answer, Plaintiff claims that he was arraigned on October 21, 2009, in Kaufman County District Court, and that the court denied his request for counsel at his initial appearance.  Had it provided him with counsel at that time, it would have been discovered sooner that he had committed no crime.  He claims that Kaufman County violated his Sixth Amendment right to counsel and seeks monetary damages.  No process has been issued in this case.

---

[1]  Answers to questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. SECTION 1983 RELIEF

Plaintiff seeks monetary damages under 42 U.S.C. § 1983 because Kaufman County allegedly denied him counsel in October 2009. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Municipalities, including "local governmental units such as a county", may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008). To hold a municipality liable, however, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). One incident does not show a policy or custom. *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002). Moreover, in general, "single constitutional violations" are insufficient to infer a

custom or policy. *Piotrowski v. City of Houston,* 237 F.3d 567, 581 (5th Cir. 2001).

Plaintiff has not alleged any official policy or custom on the part of Kaufman County that violated his constitutional rights. His single alleged incident is insufficient to infer that Kaufman County has an official customary policy to deny counsel or to support a claim against Kaufman County. Plaintiff has therefore failed to state a plausible claim against Kaufman County, and his complaint should be dismissed.

Plaintiff relies on *Rothgery v. Gillespie County*, 128 S. Ct. 2578 (2008) for finding that Kaufman County violated his Sixth Amendment right by not appointing an attorney at his initial appearance. *Rothgery* held that "a criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel." 128 S. Ct. at 2592. Rothgery's § 1983 action was based on an alleged failure to provide an attorney due to a county policy, however. *See* 128 S. Ct. at 2582-83. In the absence of a county policy or custom, there is no need to determine whether Kaufman County violated Plaintiff's Sixth Amendment rights.

## IV. RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 10th day of March, 2010.**

_____
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE