IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE WINGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:09-CV-2457-P |
| KAUFMAN COUNTY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff filed this civil rights suit against Kaufman County pursuant to 42 U.S.C. § 1983 claiming the County violated his Sixth Amendment right to counsel when it denied him appointment of counsel at his arraignment on October 21, 2009. Plaintiff asserts that had the County provided him counsel at his arraignment, it would have been discovered that he had committed no crime and the charges against him would have been dismissed sooner. The magistrate judge filed her report on March 10, 2010 recommending dismissal of the complaint on the basis that plaintiff's allegation of a single violation was insufficient to allege an official policy or custom on the part of the County that caused the constitutional violation. Plaintiff filed objections to the magistrate judge's report on March 29, 2010.

Plaintiff, relying on *Rothgery v. Gillespie County, Tx.*, 554 U.S. 191, 128 S. Ct. 2578 (2008), contends he was entitled to appointed counsel at his initial appearance. Citing *Brown v. Bryan County, Ok.,* 219 F.3rd 450 (5th Cir. 2000), plaintiff maintains that a county may be held liable under section 1983 for a single constitutional violation when it acts with deliberate indifference. While plaintiff is correct that a single constitutional violation may subject a county to section 1983 liability, he has not alleged sufficient facts to make a claim against the county.

Although, *Rothgery* does hold that the right to counsel attaches at an initial appearance, it does not address the issue of when a defendant is entitled to have an attorney appointed to

represent him. *Rothgery,* 128 S. Ct. at 2591, fn. 15. (Stating that "[w]e do not here purport to set out the scope of an individual's postattachment right to the presence of counsel. It is enough for present purposes to highlight that the enquiry into that right is a different one from the attachment analysis.") The Court also noted that "counsel must be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself." *Id.*, at 2591. Plaintiff maintains that he was entitled to appointment of counsel at his initial appearance. That is not necessarily correct. It appears that plaintiff ultimately received appointed counsel, but plaintiff does not state when counsel was appointed. The court can not determine from plaintiff's complaint or his answers to the magistrate judge's questionnaire whether the delay in appointment of counsel was reasonable or whether plaintiff suffered any prejudice from the delay.[1] Plaintiff's conclusory assertion that if counsel had been appointed at his initial appearance it would have been discovered sooner that he had not committed any crime is insufficient to show the county violated or was deliberately indifferent to his constitutional rights.

Plaintiff's objections are overruled and his complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915)e)(2)(B).

Signed this 4th day of June 2010.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[1] There are any number of reasons why a criminal complaint or an indictment may be dismissed besides having the benefit of counsel.

Order – Page 2